THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM K. WILLIAMS, on behalf of herself
and others similarly situated,

        Plaintiffs,                                  Case No. 06-13910

vs.

                                                      HONORABLE GERALD E. ROSEN
                                                      HONORABLE STEVEN D. PEPE

MBNA AMERICA BANK, NA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

On June 12, 2007, a hearing was held on Defendant's Motion for Protective Order (Dkt. #14), Plaintiffs' Motion to Compel Depositions (Dkt. #19), Plaintiffs' Motion to Compel Discovery (Dkt. #32), Plaintiffs' Second Motion to Compel Depositions (Dkt. #47), Defendant's Second Motion for Protective Order (Dkt. #51), and Defendant's Motion to Compel (Dkt. #56). These motions were referred for hearing and determination pursuant to 28 U.S.C. § 636 (B)(1)(A). For the reasons indicated below, it is **RECOMMENDED** that discovery be stayed in this case and all dates in the scheduling order be suspended pending the resolution of Defendant's pending Rule 12(b)(6) motion to dismiss (Dkt. #39).

On April 30, 2007, Defendant filed its Rule 12(b)(6) motion to dismiss Plaintiffs' Complaint for failure to state a claim on which relief can be granted (Dkt. #39). While ordinarily discovery is not stayed pending resolution of dispositive motions, the complexity of the

1

discovery sought in this case and the issues that may be resolved or clarified in the Court's ruling on the pending motion recommend that discovery be stayed. Resolution of Defendant's motion in its favor would eliminate the need to engage in complicated discovery, thereby avoiding needless and wasteful expenditure of Court and party resources. A resolution of Defendant's motion in Plaintiffs' favor would also likely clarify and simplify the issues involved in this matter.

A review of the docket reveals that both parties have previously filed motions requesting a stay of this litigation pending resolution of Defendant's motion (Dkt. #36 & #44). While the Court denied the first motion outright (Dkt. #41), it subsequently found that Defendant had shown sufficient good cause for some of the relief requested, granted in part Defendant's second motion and extended all deadlines in this matter by 60 days (Dkt. #53).

At the hearing on the present motions, sufficient good cause was shown to stay this matter further pending resolution of Defendant's motion. The scope of discovery in this case is complicated and will be affected in large measure by the decision rendered on the motion to dismiss. Further, an opinion on the pending motion will improve the likelihood that the parties will able to resolve a number of the issues contained in their present motions and will provide further guidance to all parties on how this case should proceed.

For the reasons indicated above, it is **RECOMMENDED** that discovery be stayed in this case and all dates in the scheduling order be suspended pending the resolution of Defendant's Rule 12(b)(6) motion to dismiss. Within fourteen days after the Court's decision on this motion to dismiss, the parties shall meet and confer on their pending motions and, if necessary, within thirty days of the decision schedule a followup hearing on all outstanding discovery motions not

resolved by consent.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: June 13, 2007                               s/Steven D. Pepe  
Ann Arbor, Michigan                           United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on June 13, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Bryan J. Anderson, Laura Baucus, Joseph H. Hickey, Ian B. Lyngklip, Andrew J. McGuinness, Adam G. Taub., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable

                                          s/ James P. Peltier
                                          James P. Peltier
                                          Courtroom Deputy Clerk
                                          U.S. District Court
                                          600 Church St.
                                          Flint, MI 48502
                                          810-341-7850
                                          pete_peliter@mied.uscourts.gov