Stoyanovich v. Fine Art Capital LLC
S.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Zoran STOYANOVICH, Plaintiff,
v.
FINE ART CAPITAL LLC, Defendant.
**No. 06 Civ. 13158(SHS).**

Aug. 17, 2007.

*OPINION*

SIDNEY H. STEIN, U.S. District Judge.

***1** Zoran Stoyanovich brings this action against Fine Art Capital LLC, claiming that Fine Art's rejection of his loan application violated the notice provisions of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq. Stoyanovich and Fine Art have cross-moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the issue of Fine Art's liability under ECOA. Because the undisputed facts show that Fine Art's rejection of Stoyanovich's loan application violated ECOA's notice provisions, Stoyanovich's motion for summary judgment is granted and Fine Art's cross-motion is denied.

**I. BACKGROUND**

The following facts are undisputed.[FN1] Stoyanovich is a resident of Columbus, Ohio and a professional violinist in the Columbus Symphony Orchestra. (Plaintiff's Local Civil Rule 56.1 Statement of Material Facts ("Pl.'s 56.1") ¶¶ 1-2.) Fine Art is a Delaware LLC in the business of making loans secured by fine art and musical instruments. (Pl's 56.1 ¶ 4, Defendant's Local Civil Rule 56.1 Statement of Material Facts ("Def.'s 56.1") ¶ 2.) In spring 2006, Stoyanovich contacted Barbara Chu-a First Vice President at Fine Art-and inquired into his eligibility for a loan secured by part of his musical instrument collection. (Pl.'s 56.1 ¶¶ 5-7, Def.'s 56.1 ¶¶ 3,

6, 8.) In response to his inquiry and in accordance with Fine Art's loan application procedures, Chu sent Stoyanovich a "Borrower Information Request Package" that contained a six-page "Personal Financial Statement" form requesting detailed asset, income and employment information. (Pl.'s 56.1 ¶ 8, Ex. 3; Def.'s 56.1 ¶ ¶ 5, 7.) Stoyanovich completed the form and returned it to Chu along with a list of instruments and violin bows, presumably the collateral offered to secure the loan. (Pl.'s 56.1 ¶¶ 10-11, Def.'s 56.1 ¶¶ 7-8.)

FN1. Plaintiff has filed the statement required by Rule 56.1(a) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York setting forth "the material facts as to which the moving party contends there is no genuine issue to be tried."Defendant is required by subsection (b) of Rule 56.1 to submit a statement responding, on a paragraph-by-paragraph basis, to plaintiff's Rule 56.1 statement. Defendant has failed to do this. The document it did submit does not respond to plaintiff's submission but merely states why defendant's cross-motion should be granted; it controverts none of plaintiff's factual assertions. The U.S. Court of Appeals for the Second Circuit has determined that when a party opposing summary judgment "fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."*Giannullo v. City of New York,* 322 F.3d 139, 140 (2d Cir.2003) (citing Local Rule 56.1(c)). Because Fine Art did not controvert any fact listed in Stoyanovich's Rule 56.1 statement, this Court could consider the entirety of Stoyanovich's statement admitted by defendant; nevertheless, this Court will proceed with an "assiduous review" of the factual record despite Fine Art's noncompliance with the rule. *See Holtz v. Rockefeller & Co.,* 258

F.3d 62, 73 (2d Cir.2001) ("[W]hile a court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements, it may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement.") (internal quotation marks omitted).

Chu then made inquiries into Stoyanovich's background and ultimately concluded that Fine Art would not offer him a loan. (Pl.'s 56.1 ¶ 12, Def.'s 56.1 ¶¶ 12-15.) Chu wrote Stoyanovich on June 15, 2006 that Fine Art was "unable to accommodate" Stoyanovich's request. (Pl.'s 56.1 ¶ 14, Def.'s 56.1 ¶ 16 [FN2].) The letter did not, however, specify the basis for Fine Art's decision or inform Stoyanovich that he was entitled to such an explanation.(*Id.*) Less than one month later, Stoyanovich responded in a letter requesting a "written explanation" for Fine Art's denial of his request for credit. (Pl.'s 56.1 ¶¶ 16-17, Def.'s 56.1 ¶¶ 17-18.) Chu replied on July 28, 2007, writing that Fine Art was "unable to consider your request because of credit-related information obtained from sources other than consumer reporting agencies."(Pl.'s 56.1 ¶¶ 18-19, Def.'s 56.1 ¶¶ 19-20.)

> FN2. Paragraphs mistakenly numbered 12 through 16 follow paragraph 15 in Defendant's Rule 56.1 Statement. For the purposes of this Opinion, the Court has renumbered these paragraphs 16 through 20 in order to avoid-or at lest reduce-confusion.

Stoyanovich then filed this action, alleging that Chu's letters failed to comply with the notice provisions of ECOA, 15 U.S.C. § 1691(d), because, inter alia, they did not provide a "specific reason" for Fine Art's decision to reject Stoyanovich's loan application. He requests damages for business losses, injury to his credit reputation, mental anguish, humiliation and embarrassment; punitive damages; costs and attorney's fees. Following discovery proceedings on the issue of Fine Art's liability under ECOA, the parties have cross-moved for summary judgment on that issue.

**II. DISCUSSION**

A. *Legal Standard*

**\*2** Summary judgment is appropriate only if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *LaFond v. Gen. Physics Serv. Corp.,* 50 F.3d 165, 171 (2d Cir.1995). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court "is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."*Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d Cir.2004); *see also LaFond,* 50 F.3d at 171.

Where, as here, both parties have moved for summary judgment, the same legal standards apply: "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration."*Morales v. Quintel Entm't, Inc.,* 249 F.3d 115, 121 (2d Cir.2001) (citing *Schwabenbauer v. Bd. of Educ.,* 667 F.2d 305, 314 (2d Cir.1981)).

B. *Fine Art Did Not Comply with the Notice Requirements of ECOA.*

The relevant facts in this litigation are not in dispute. Rather, the parties contest whether these facts support Stoyanovich's claim that Fine Art did not comply with ECOA's notice requirements as a matter of law. The Court now turns to that question.

*1. The Elements of a Violation of ECOA's Notice Provision*

ECOA bars discrimination in the extension of credit on the basis of race, color, religion, national

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

origin, sex, marital status, age or participation in a public assistance program. *See* 15 U.S.C. § 1691(a). In addition to its anti-discrimination provisions, ECOA also "establishes procedural requirements for extending credit and communicating with applicants." *Davis v. U.S. Bancorp,* 383 F.3d 761, 766 (8th Cir.2004); *see* 15 U.S.C. § 1691(d). In relevant part, the statute provides that "[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2). The term "adverse action" is defined by the statute as "a denial ... of credit ... or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6).

Stoyanovich is entitled to recover from Fine Art if he can prove the following elements: (1) Fine Art is a creditor, (2) Stoyanovich is a loan applicant, (3) Fine Art took adverse action with respect to Stoyanovich's credit application, and (4) Fine Art failed to provide Stoyanovich with an ECOA-compliant notice of its adverse action. *See Madrigal v. Kline Oldsmobile, Inc.,* 423 F.3d 819, 822 (8th Cir.2005).

**\*3** Fine Art contends that Stoyanovich must satisfy two additional elements to prevail on his ECOA claim: first, that Stoyanovich must have been a victim of discrimination in order to state a cause of action under the statute, and second, that Stoyanovich must prove actual damages resulting from the alleged non-compliance with the statute.

In regard to Fine Art's first contention-that Stoyanovich must be a victim of discrimination-Fine Art is wrong. ECOA's notice provisions apply to all loan applicants, not only those who claim to have been denied credit due to discrimination.<sup>FN3</sup> *See Jochum v. Pico Credit Corp. of Westbank,* 730 F.2d 1041, 1043 n. 3 (5th Cir.1984); *Diaz v. Paragon Motors of Woodside, Inc.,* 424 F.Supp.2d 519, 532 n. 22 (E.D.N.Y.2006) ("The [ECOA] notification requirement extends to all applicants, and does not require specific allegations of discrimination.") (internal quotation marks omitted); *Costa v. Mauro Chevrolet, Inc.,* 390 F.Supp.2d 720, 728 (N.D.Ill.2005).

> FN3. This finding is implicit in ECOA's dual purposes: (1) discouraging discrimination by requiring creditors to explain in writing their decisions to deny credit and (2) informing consumers of shortcomings in their credit profiles. *See Treadway v. Gateway Chevrolet Oldsmobile, Inc.,* 362 F.3d 971, 977-78 (7th Cir.2004).

Fine Art's second contention-that Stoyanovich must prove actual damages resulting from defendant's non-compliance with the statutory notice requirements in order to prevail on his ECOA claim-finds support in neither the statute nor the case law. ECOA's civil liability provision authorizes actual damages, 15 U.S.C. § 1691e(a), punitive damages, 15 U.S.C. § 1691e(b), and equitable and declaratory relief, 15 U.S.C. § 1691e(c), as available *remedies* for an ECOA violation, but nowhere states that sustaining actual damages is a predicate for establishing *liability* under the statute.

Indeed, the U.S. Court of Appeals for the Ninth Circuit, among other courts, has held that pursuant to the relevant provisions of ECOA, "punitive damages may be awarded even absent a showing of any actual damages." *Anderson v. United Finance Co.,* 666 F.2d 1274, 1278 (9th Cir.1982). *See also Fischl v. General Motors Acceptance Corp.,* 708 F.2d 143, 148 (5th Cir.1983); *Bayard v. Behlmann Auto. Servs.,* 292 F.Supp.2d 1181, 1187-88 (E.D.Mo.2003); *Hudson v. Richfield Mitsubishi,* No. 4-96-CV-253, 1997 U.S. Dist. LEXIS 23674, at \*6-7 (D.Minn. July 14, 1997) ("[A]ttorneys' fees may be awarded despite a lack of actual damages, so long as plaintiff secures declaratory or injunctive relief").

Fine Art relies on *Bertin v. Grant Auto., Inc.,* No. 06-3002, 2007 U.S. Dist. LEXIS 31583 (C.D.Ill. Apr. 30, 2007), to support its contention that actual damages is a necessary element of Stoyanovich's claim. *Bertin,* however, stands for the unremarkable proposition that a plaintiff who fails to prove actual damages cannot recover them. In that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

case, the district court first addressed compensatory damages-which it denied because of the plaintiffs' lack of proof-and then turned to punitive damages, observing that "[e]ven in the absence of proof of actual damages, this Court may award punitive damages," *id.* at *21; the district court, however, declined to do so, *id.* Accordingly, the ruling in *Bertin*-consistent with the authority cited above-characterizes actual damages as an available remedy for an ECOA violation and not as an element of ECOA liability. This Court agrees with that interpretation.

2. *Fine Art Violated ECOA.*

**\*4** Accordingly, there are only four elements that Stoyanovich must prove in order to establish Fine Art's liability for a violation of ECOA's notice requirements. The first two elements-i.e., that Fine Art is a creditor and Stoyanovich is a loan applicant-are fully supported by the facts and, indeed, are not disputed by the parties. The third and fourth elements, however, are contested. Fine Art maintains that Stoyanovich cannot prove the third element-that it took adverse action on a credit application-because Stoyanovich did not, in fact, submit a credit application. Fine Art also contends that the letters it sent to Stoyanovich complied with ECOA's notice requirements, and therefore the evidence does not support the fourth element. For the reasons that follow, the Court finds Fine Art's arguments unpersuasive and concludes that the undisputed facts establish that Fine Art violated ECOA's notice requirements with respect to its denial of Stoyanovich's application for credit.

a. Fine Art took "adverse action" against Stoyanovich's credit application.

Fine Art contends that it could not have taken adverse action against plaintiff's credit application, because Stoyanovich never submitted an application on which it could act. In support of this position, Fine Art references the Federal Reserve Board's regulations-designated "Regulation B," 12 C.F.R. §§ 202.1-202.15-that implement Pursuant to Regulation B, creditors must notify applicants within "30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application," 12 C.F.R. § 202.9(a)(i), or within "30 days after taking adverse action on an incomplete application," 12 C.F.R. § 202.9(a)(ii). Fine Art maintains that Stoyanovich's completion and submission of a "Personal Financial Statement" constituted a mere inquiry, not an application, and therefore, Fine Art's duty to provide notification to Stoyanovich pursuant to ECOA never arose.

> FN4. The Federal Reserve Board has the power to "prescribe regulations to carry out the purposes" of ECOA. 15 U.S.C. § 1691b(a).

The regulations define "application" as "an oral or written request for an extension of credit that is made in accordance with procedures used by a creditor for the type of credit requested." 12 C.F.R. § 202.2(f). This definition encompasses Stoyanovich's actions in this case. As described above, Stoyanovich contacted a representative of Fine Art and inquired into his eligibility for credit. Fine Art responded by sending Stoyanovich a "Borrower Information Request Package"-including a six page "Personal Financial Statement" form that requested income, asset, liability, and employment information-in accordance with its standard procedures. Stoyanovich filled out that form, submitted it to Fine Art, and was subsequently denied credit. With respect to these events, there is no evidence that Stoyanovich failed to comply with any aspect of the procedures that Fine Art established and utilized to evaluate loan applications. Accordingly, the evidence shows that Stoyanovich made a "request for an extension of credit" that was "in accordance with procedures used by" Fine Art and thus constituted an "application" for credit pursuant to ECOA.

**\*5** This conclusion is significantly reinforced by an Official Staff Interpretation issued by the Federal Reserve Board addressing "[w]hen an inquiry or prequalification request becomes an application" pursuant to ECOA. 12 C.F.R. pt. 202,

Supp. I.

A creditor is encouraged to provide consumers with information about loan terms. However, if in giving information to the consumer the creditor also evaluates information about the consumer, decides to decline the request, and communicates this to the consumer, the creditor has treated the inquiry or prequalification request as an application and must then comply with the notification requirements ....

*Id.* Thus, under the reasoning of the federal agency statutorily charged with effectuating the purposes of ECOA, when a creditor makes a decision to decline a request for credit based on information that it received through an inquiry from a prospective borrower, that inquiry constitutes an "application" for credit for purposes of ECOA. *See also* Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir.2004) ("[E]ven if it was not an application in the beginning, when [creditor] declined [applicant's] request, it became an application and creditor was required to comply with [ECOA's notice provisions].). There can be no doubt, then, that Stoyanovich submitted an application for credit to Fine Art.

It is equally clear that Fine Art took adverse action on that application. Pursuant to ECOA, "a denial or revocation of credit" is an "adverse action." 15 U.S.C. § 1691(d)(6). By stating that Fine Art was "unable to accommodate" Stoyanovich's request for a loan, Fine Art denied Stoyanovich credit, and thereby took "adverse action"-as defined by the statute-on Stoyanovich's application.

b. Fine Art failed to provide Stoyanovich with a notification that complied with ECOA.

The Court now addresses the final element of Stoyanovich's claim: whether Fine Art provided him with an ECOA-compliant notice of its adverse action. The statute requires creditors to provide either (a) a "statement[ ] of reasons in writing as a matter of course to applicants against whom adverse action is taken" or (b) "written notification of adverse action which discloses (i) the applicant's right to a statement of reasons ..., and (ii) the identity of the person or office from which such statement may be obtained." 15 U.S.C. § 1691(d)(2).

Fine Art's June 15, 2006 letter provided neither a statement of reasons nor a disclosure of Stoyanovich's entitlement to such a statement. The body of the letter read in its entirety as follows: "Thank you very much for submitting information to Fine Art Capital regarding a loan secured by your collection. We regret that we are unable to accommodate your request at this time."(Pl.'s 56.1 ¶ 14, Ex. 7; Def.'s 56.1 ¶ 16.) Consequently, the letter failed to comply with the notification requirements set forth in ECOA.

Fine Art's later, July 28, 2006, letter also runs afoul of the statute's notification requirements. In that letter, Chu wrote:

**\*6** Thank you for your recent request for financing. We regret that we are unable to consider your request because of credit-related information obtained from sources other than consumer reporting agencies.

We operate in full compliance with the federal Equal Credit Opportunity Act which prohibits lenders from discriminating against applicants on the basis of race, religion, national origin, sex, marital status, age; or because all or some of the applicant's income is from a public assistance program; or because the applicant has exercised any right under the Consumer Credit Protection Act. Compliance with this law is administered by the Federal Deposit Insurance company [sic], 2345 Grand Avenue, Suite 100, Kansas City, MO 64108-2638.

(Pl.'s 56.1 ¶¶ 18-19, Ex. 9; Def.'s 56.1 ¶¶ 19-20.) Fine Art contends that this letter provided an adequate statement of its reasons for denying Stoyanovich credit because it explained that the denial was based on "credit-related information obtained from sources other than consumer reporting agencies."FN5

> FN5. Fine Art does not contend that this letter disclosed Stoyanovich's right to a statement of reasons for the adverse action and the entity from which such a statement

could be obtained. Therefore, whether the July 28, 2006 letter complies with ECOA's notification requirements turns on the adequacy of the statement of reasons contained therein.

That statement, however, is too vague to satisfy ECOA's specificity requirement. Pursuant to ECOA, a statement of reasons must "contain[ ] the specific reasons for the adverse action taken." 15 U.S.C. § 1691(d)(3). Regulation B requires that the statement of reasons "be specific and indicate the principal reason(s) for the adverse action. Statements that the adverse action was based on the creditor's internal standards or policies or that the applicant, joint applicant, or similar party failed to achieve a qualifying score on the creditor's credit scoring system are insufficient." 12 C.F.R. § 202.9(b)(2).

Fine Art did not provide Stoyanovich with the specific reason that his application was denied. It instead informed him only that a consumer reporting agency was not the *source* of the "credit-related information" that Fine Art relied upon to deny his application. The actual reason for the denial, however, remained undisclosed, and Stoyanovich could only speculate as to the information communicated to Fine Art by the non-consumer reporting agency source that formed the basis for Fine Art's decision. Such a general statement does not satisfy the requirement of specificity stated in the statute and developed in the regulations. *See Fischl v. General Motors Acceptance Corp.,* 708 F.2d 143, 147 (5th Cir.1983); *cf.* 12 C.F.R. § 202, App. C (listing model statement of reasons checklists). Nor does it comply with ECOA's purpose of informing consumers of weaknesses in their credit profiles in order for them to be able to take remedial measures. *See Fischl,* 708 F.2d at 148 (A statement of reasons could not be translated into "concrete criteria" and therefore the credit applicant "could neither improve his credit application, correct any misinformation in his credit record, or guard against discrimination, thus thwarting both the protective and educational objectives of the ECOA .").

*7 Accordingly, Fine Art's June 15 and July 28, 2006 letters failed to provide Stoyanovich with ECOA-compliant notification of the adverse action taken on his loan application and therefore violated the notice requirements of the statute.

### III. CONCLUSION

Because the undisputed facts of this case show that Fine Art violated the notice requirements of ECOA with respect to Stoyanovich's loan application, plaintiff's motion for partial summary judgment on the issue of liability is granted and Fine Art's cross-motion is denied.

S.D.N.Y.,2007.
Stoyanovich v. Fine Art Capital LLC
Slip Copy, 2007 WL 2363656 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.